# United States District Court
### NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| JANE DOE, ON BEHALF OF<br>JAN DOE, A Minor<br><br>v.<br><br>DALLAS INDEPENDENT SCHOOL<br>DISTRICT; LILLIANA SOLANO,<br>INDIVIDUALLY and in her OFFICIAL<br>CAPACITY as HILLCREST H.S.<br>REGISTRAR; CHRIS BAYER,<br>INDIVIDUALLY and in his OFFICIAL<br>CAPACITY as HILLCREST H.S.<br>PRINCIPAL; VON HARRIS,<br>INDIVIDUALLY and in his OFFICIAL<br>CAPACITY as HILLCREST H.S. HEAD<br>BASKETBALL COACH; ANDY TODD,<br>INDIVIDUALLY and in his OFFICIAL<br>CAPACITY as ATHLETIC<br>COORDINATOR; and SIDNEY<br>BOUVIER GILSTRAP-PORTLEY | § § § § § § § § § § § § § § § § § § § § § § | CIVIL ACTION NO. 3:19-CV-3081-S |

## MEMORANDUM OPINION AND ORDER

This Memorandum Opinion and Order addresses: (1) Defendants Lilliana Solano's, Chris Bayer's, Von Harris's, and Andy Todd's Motion to Dismiss Plaintiff's Original Complaint and Brief in Support [ECF No. 14] ("Bayer's Motion to Dismiss")[1]; and (2) Defendant Dallas Independent School District's Motion to Dismiss Plaintiff's Original Complaint and Brief in Support [ECF No. 15] ("DISD's Motion to Dismiss"). For the following reasons, Bayer's Motion to Dismiss is **GRANTED** and DISD's Motion to Dismiss is **GRANTED IN PART** and **DENIED IN PART**.

---

[1] On February 4, 2021, the parties filed a Joint Stipulation of Dismissal dismissing all claims alleged against Defendants Lilliana Solano, Von Harris, and Andy Todd. *See* ECF No. 38. Accordingly, the Court construes the motion, response, and reply, docketed as ECF Nos. 14, 31, and 35, respectively, as to Defendant Bayer only.

## I.  BACKGROUND AND PROCEDURAL HISTORY

Defendant Sidney Bouvier Gilstrap-Portley ("Gilstrap-Portley") was admitted to Hillcrest High School ("Hillcrest") during the 2017-2018 school year. *See* Compl. [ECF No. 1] ¶¶ 12-13. At the time, he claimed to be a homeless 17-year-old, but he was, in fact, a 25-year-old adult. *Id.* ¶ 13. Plaintiff Jane Doe ("Plaintiff"), on behalf of minor Jan Doe ("Minor Plaintiff"), alleges that Gilstrap-Portley was admitted to Hillcrest by Defendants Dallas Independent School District ("DISD") and Hillcrest principal Chris Bayer ("Bayer") (together "DISD Defendants"), along with several other faculty and staff[2], under false pretenses so that Gilstrap-Portley could play on Hillcrest's basketball team. *Id.* ¶¶ 14-15.

Plaintiff asserts, among other allegations, that DISD Defendants did not verify Gilstrap-Portley's identity when he was admitted and also failed to conduct a mandatory home visit to Gilstrap-Portley's residence—both of which would have revealed that Gilstrap-Portley was not "Rashun Richardson," or homeless, as he claimed to be, but was living with his fiancée and their child. *Id.* ¶¶ 17-18. Plaintiff further alleges that DISD Defendants ignored "red flags" indicating that Gilstrap-Portley was not a minor, such as his "bigger build" as compared to other Hillcrest students and his "excessive tattoos." *Id.* ¶ 16.

Plaintiff alleges that while at Hillcrest, Gilstrap-Portley had a sexual relationship with Minor Plaintiff, who was 14 years old. *Id.* ¶¶ 19, 22. Specifically, Plaintiff asserts that Gilstrap-Portley had sexual contact with Minor Plaintiff and coerced her into performing sexual acts. *Id.* ¶ 23. Plaintiff further alleges that Gilstrap-Portley kissed and inappropriately touched Minor Plaintiff in the hallways of Hillcrest while students and teachers watched. *Id.* Once Gilstrap-Portley's true identity came to light, due to Gilstrap-Portley's "popularity . . . gained through

---

[2] Plaintiff claims such faculty and staff include Lilliana Solano, Hillcrest's registrar ("Solano"); Von Harris ("Harris"), Hillcrest's head basketball coach; and Andy Todd ("Todd"), DISD's athletic coordinator. *See* Compl. at 1.

playing on the basketball team," and because "many of the students and teachers knew of [their] relationship," Minor Plaintiff was humiliated and embarrassed. *Id.* ¶ 26. And, as a result, she withdrew from Hillcrest and transferred to a different school. *Id.* Plaintiff alleges that this experience caused Minor Plaintiff to suffer severe emotional distress, mental anguish, and psychological trauma requiring medical treatment. *Id.* ¶ 25.

Plaintiff asserts the following causes of action against DISD and Bayer:

- Count 1: Violation of Title IX or The Education Act of 1972, 20 U.S.C. § 1681, *et seq.*, against DISD and Bayer in their official capacity;

- Count 2: State-Created Danger against DISD and Bayer in their official capacity;

- Count 3: Intentional Infliction of Emotional Distress against DISD and Bayer; and

- Count 5: Gross Negligence against Bayer in his individual capacity.

DISD and Bayer separately moved to dismiss all allegations against them. *See* ECF Nos. 14-15. Plaintiff filed responses to each motion. *See* ECF Nos. 30-31. DISD and Bayer filed replies. *See* ECF Nos. 35-36.

## II.     LEGAL STANDARD

To defeat a motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Reliable Consultants, Inc. v. Earle*, 517 F.3d 738, 742 (5th Cir. 2008). To meet this "facial plausibility" standard, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Plausibility does not require probability, but a plaintiff must establish "more than a sheer possibility that a defendant has acted unlawfully." *Id.* The court must accept well-pleaded facts as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mut. Auto. Ins.*, 509 F.3d 673, 675 (5th Cir. 2007).

The court, however, does not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Ferrer v. Chevron Corp.*, 484 F.3d 776, 780 (5th Cir. 2007) (citation omitted). A plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the Complaint are true (even if doubtful in fact)." *Id.* (internal citations omitted).

The ultimate question is whether the Complaint states a valid claim when viewed in the light most favorable to the plaintiff. *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002). At the motion to dismiss stage, the court does not evaluate the plaintiff's likelihood of success. It only determines whether the plaintiff has stated a claim upon which relief can be granted. *Mann v. Adams Realty Co.*, 556 F.2d 288, 293 (5th Cir. 1977).

### III.     ANALYSIS
#### A.     *Title IX*[3]

Title IX states: "No person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance[.]" 20 U.S.C. § 1681(a). Title IX provides a private right of action for individuals to sue educational institutions that receive federal funds. *See Kelly v. Allen Indep. Sch. Dist.*, 602 F. App'x. 949, 952 (5th Cir. 2015). To state a Title IX claim against a school district, plaintiff must show that: (1) the institution has an official policy of sex discrimination, or (2) an "appropriate person" had "actual knowledge of the

---

[3] Plaintiff has agreed to the dismissal of her Title IX claim against Bayer. *See* Resp. to Bayer 5 ("Plaintiff does not object to the dismissal of . . . Defendant Chris Bayer . . . as related to her claims under Title IX . . . [DISD] would be the correct party for this cause of action."). Accordingly, the Court agrees that Bayer is not the appropriate party for this cause of action and herein addresses Plaintiff's Title IX claim as to DISD only.

4

discrimination" and responded with "deliberate indifference." *See Poloceno v. Dallas Indep. Sch. Dist.*, 826 F. App'x. 359, 362 (5th Cir. 2020) (citing *Gebser v. Lago Vista Indep. Sch. Dist.*, 524 U.S. 274, 290 (1998) (defining "appropriate person" as "an official of the recipient entity with authority to take corrective action to end the discrimination.")); *see also id.* (holding that a school principal was an "appropriate person" with "authority to take [the] corrective action"). To bring a Title IX action against a school district for student-on-student harassment, a plaintiff must show five elements:

> the district (1) had knowledge of the harassment, (2) the harasser was under the district's control, (3) the harassment was based on the victim's sex, (4) the harassment was "so severe, pervasive, and objectively offensive that it effectively barred the victim's access to an educational opportunity or benefit," and (5) the district was deliberately indifferent to the harassment.

*Kelly*, 602 F. App'x. at 952 (citing *Sanches v. Carrollton-Farmers Branch Indep. Sch. Dist.*, 647 F.3d 156, 165 (5th Cir. 2011) (alteration omitted) (quoting *Davis ex. rel. LaShonda D. v. Monroe Cty. Bd. of Educ.*, 526 U.S. 629, 650 (1999))).

As to the first, second, and fourth elements, Plaintiff alleges that Bayer, among other Hillcrest faculty and staff, knew of Gilstrap-Portley's real identity, and therefore knew of the risk of sexual harassment of minors by an adult. *See* Compl. ¶¶ 14-16 (alleging that DISD and Bayer, among others, helped craft "homeless" story to admit Gilstrap-Portley). Plaintiff also contends that the alleged sexual harassment was widely witnessed and alleges that both students and teachers observed Gilstrap-Portley's explicit sexual contact with Minor Plaintiff, as described above. *Id.* ¶ 23. Plaintiff further asserts that as a result of Gilstrap-Portley's status as a winning basketball player, his relationship with Minor Plaintiff was well-known. *See* Compl. ¶ 26. Actual knowledge is established where an "appropriate person" knew of facts giving rise to inference that substantial risk of harm existed and drew that inference. *See Kelly*, 602 F. App'x at 953. *See also*

5

*Poloceno*, 826 F. App'x. at 362 (holding that a school principal was an "appropriate person" with "authority to take [the] corrective action"). Plaintiff also alleges that Gilstrap-Portley was regularly videotaped on school grounds, *see id.* ¶ 16, and seen in school hallways, *see id.* ¶ 23. Title IX "[l]iability can attach when . . . the misconduct occurs during school hours and on school grounds." *Kelly*, 602 F. App'x at 953 n.3. Plaintiff further maintains that once Gilstrap-Portley's deception came to light, Minor Plaintiff left Hillcrest "due to [the] humiliation and embarrassment" and transfer to another school "where she [would] not be recognized and reminded of" her alleged harassment. *See* Compl. ¶ 26. Therefore, the Court finds that Plaintiff has sufficiently pleaded that DISD had actual knowledge of the harassment, that Gilstrap-Portley was under DISD's control, and that the harassment was so severe and pervasive that it barred Minor Plaintiff's access to educational opportunity and benefit.

Regarding the third factor, there is no dispute that Gilstrap-Portley's alleged conduct was apparently based on Minor Plaintiff's sex. *See* Compl. ¶ 23 (alleging inappropriate touching and groping of Minor Plaintiff's female body parts). *See also Davis*, 526 U.S. at 650 (sexual harassment is discrimination under Title IX).

And finally, relative to deliberate indifference, Plaintiff asserts that DISD ignored the numerous "red flags" regarding Gilstrap-Portley. *Id.* ¶ 16. In addition, the Complaint alleges that DISD failed to verify the accuracy and completeness of Gilstrap-Portley's records prior to enrolling him and failed to conduct a mandatory home visit to Gilstrap-Portley's residence. *See id.* ¶¶ 17-18; ¶ 38. Thus, accepting Plaintiff's alleged facts as true and viewing them in the light most favorable to Plaintiff, the Court finds that Plaintiff has sufficiently pleaded facts supporting all five elements, and has stated a claim against DISD under Title IX.

### B. *Section 1983*

#### (1) *Due Process Clause*

To state a Section 1983 claim, a plaintiff must: "(1) allege a violation of rights secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law." *Leffall v. Dallas Indep. Sch. Dist.*, 28 F.3d 521, 525 (5th Cir. 1994) (citations omitted). With respect to local governmental units, such as DISD, Plaintiff must also allege that an official DISD policy or custom was a "cause in fact of the deprivation of rights inflicted." *Id.* (citing *Monell v. Dep't. of Soc. Servs.*, 436 U.S. 658 (1978)).

Generally, the Due Process Clause is not violated by the state's failure to protect an individual from harm inflicted by a third party. *See Leffall*, 28 F.3d at 526. Some courts have recognized two exceptions to that general rule: the special relationship theory and the state-created danger theory. *See DeShaney v. Winnebago Cty. Dep't. of Soc. Servs.*, 489 U.S. 189, 196 (1989). The Fifth Circuit does not.

Under the special relationship theory, "a state may create a special relationship with a particular citizen, requiring the state to protect him from harm, when the state takes a person into its custody and holds him there against his will." *Doe ex rel. Magee v. Covington Cty. Sch. Dist. ex rel. Keys*, 675 F.3d 849, 855 (5th Cir. 2012) (quoting *DeShaney*, 489 U.S. at 199-200) (quotation marks omitted). The Fifth Circuit has held, however, that "a public school does not have a special relationship with a student that would require the school to protect the student from harm at the hands of a private actor." *Doe ex rel. Magee*, 675 F.3d at 856 (citing *Doe v. Hillsboro Indep. Sch. Dist.*, 113 F.3d 1412 (5th Cir. 1997) (en banc); *Walton v. Alexander*, 44 F.3d 1297 (5th Cir. 1995)).

Under the state-created danger theory, "a state actor may be liable under [Section] 1983 if the state actor created or knew of a dangerous situation and affirmatively placed the plaintiff in that situation." *Doe ex rel. Magee*, 675 F.3d at 864. The Fifth Circuit, however, does not recognize

7

state-created danger as a viable claim. *Id.* (citing *Kovacic v. Villarreal*, 628 F.3d 209, 214 (5th Cir. 2010); *Bustos v. Martini Club, Inc.*, 599 F.3d 458, 466 (5th Cir. 2010) ("[T]his circuit has not adopted the state-created danger theory.").

Plaintiff's Section 1983 Due Process claim against DISD relies solely on the special relationship and state-created danger theories. *See* Compl. ¶¶ 44-45. Given Fifth Circuit precedent rejecting these theories under facts and circumstances similar to this case, the Court finds that DISD's alleged failure to protect Minor Plaintiff from harm inflicted by Gilstrap-Portley does not trigger a Due Process violation or otherwise amount to a violation of rights secured by the Constitution or laws of the United States. *See Leffall*, 28 F.3d at 525-26. Accordingly, even taking Plaintiff's alleged facts as true and viewing them in the light most favorable to Plaintiff, the Court finds that Plaintiff has not pleaded a Section 1983 claim against DISD.

### (2) *Official Capacity*

When a plaintiff sues a government official in their official capacity and also sues the governmental employer, "[t]he official-capacity claim[] and the claim[] against the governmental entity essentially merge." *Turner v. Houma Mun. Fire & Police Civil Serv. Bd.*, 229 F.3d 478, 485 (5th Cir. 2000); *Pena v. Dallas Cty. Hosp. Dist.*, Civil Action No. 3:12-CV-439-N, 2013 WL 111299229, at *11 (N.D. Tex. June 26, 2013) (same); *see also Clark v. La Marque I.S.D.*, 184 F. Supp. 2d 606, 612 (S.D. Tex. 2002) (dismissing Section 1983 claim against governmental employee in official capacity as redundant due to same claim being raised against governmental employer); *Stephens v. Dallas Cty., Tex.*, Civil Action No. 3:05-CV-1009-K, 2007 WL 34827, at *4 (N.D. Tex. Jan. 4, 2007) (same). Plaintiff asserts her Section 1983 claim against Bayer in his official capacity and asserts the same claim against DISD. *See* Compl. Count II. Because the claims alleged against DISD and Bayer are identical, as pleaded in the Complaint, the Court finds that Plaintiff's Section 1983 claim against Bayer is redundant and essentially merges with her

Section 1983 claim against DISD. The Court therefore dismisses Plaintiff's Section 1983 merged claim against Bayer for the same reasons that her Section 1983 claim against DISD fails.

### (3) *Qualified Immunity*

Even if Plaintiff's Section 1983 claim against Bayer did not merge, qualified immunity shields "government officials performing discretionary functions" from "liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Kinney v. Weaver*, 367 F.3d 337, 349 (5th Cir. 2004); *see also Mullenix v. Luna*, 577 U.S. 7, 11 (2015) (same). When a defendant raises a qualified immunity defense, the defense is presumed to apply, and the plaintiff bears the burden of demonstrating the inapplicability of that defense. *Cantrell v. City of Murphy*, 666 F.3d 911, 918 (5th Cir. 2012). To overcome this presumption, a plaintiff must plead facts demonstrating "(1) that the official violated a statutory or constitutional right, and (2) that the right was 'clearly established' at the time of the challenged conduct." *Ashcroft v. al-Kidd*, 563 U.S. 731, 735 (2011) (citing *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)).

For a right to be "clearly established," the "contours of the right must be sufficiently clear that a reasonable official would have understood that what he is doing violates [that] right." *Mullenix*, 577 U.S. at 11 (quoting *Reichle v. Howards*, 566 U.S. 658, 664 (2012)). In other words, the right must already be "clearly established" at the time of the challenged conduct. *Lane v. Franks*, 134 S. Ct. 2369, 2381 (2014). When considering whether a defendant is entitled to qualified immunity, the Court "must ask whether the law so clearly and unambiguously prohibited this conduct that 'every reasonable official would understand that what he is doing violates [the law].'" *Morgan v. Swanson*, 659 F.3d 359, 371 (5th Cir. 2011) (alteration in original) (quoting *al-Kidd*, 563 U.S. at 741).

Here, Bayer has raised a qualified immunity defense to Plaintiff's Section 1983 claim. Bayer's Motion to Dismiss 14. To state a claim, Plaintiff must sufficiently allege that Bayer violated a statutory or constitutional right that was "clearly established" at the time of the challenged conduct. *Ashcroft*, 563 U.S. at 735. The Court finds that Plaintiff has not done so. As a matter of law, the state-created danger and special relationship theories, which form the basis for Plaintiff's Section 1983 claim against Bayer, do not create a right that is "clearly established" in the Fifth Circuit. *See Doe ex rel. Magee*, 675 F.3d at 856, 859 (citing *Doe v. Hillsboro Indep. Sch. Dist.*, 113 F.3d 1412 (5th Cir. 1997) (en banc) (holding that neither the state-created theory nor the special relationship theory is a basis for liability under Section 1983)). And because Plaintiff has not otherwise alleged any "clearly established" right, the Court finds that Bayer would be entitled to the defense of qualified immunity.

### C. *Tort Claims*

The Texas Tort Claims Act "requires an election of remedies when a plaintiff sues both a governmental entity and its employees." *Travis v. City of Grand Prairie, Tex.*, 654 F. App'x 161, 166 (5th Cir. 2016). Section 101.106 of the Texas Tort Claims Act states that:

(a) The filing of a suit under this chapter against a governmental unit constitutes an irrevocable election by the plaintiff and immediately and forever bars any suit or recovery by the plaintiff against any individual employee of the governmental unit regarding the same subject matter.

(b) The filing of a suit against any employee of a governmental unit constitutes an irrevocable election by the plaintiff and immediately and forever bars any suit or recovery by the plaintiff against the governmental unit regarding the same subject matter unless the governmental unit consents.

[. . .]

(f) If a suit is filed against an employee of a governmental unit based on conduct within the scope of that employee's employment and if it could have been brought under this chapter against the governmental unit, the suit is considered to be against the employee in the employee's official capacity only. On the employee's motion, the suit against the employee shall be dismissed unless the

10

>plaintiff files amended pleadings dismissing the employee and naming the governmental unit as defendant on or before the 30th day after the date the motion is filed.

*See Alexander v. Walker*, 435 S.W.3d 789, 790-91 (Tex. 2014) (quoting TEX. CIV. PRAC. & REM. CODE § 101.106(a), (b), (f)). Sections (a) and (b) pertain to suits against employees in their individual capacities and section (f) pertains to suits against employees in their official capacities. *See id.* at 791. Section 101.106(e) further states that "[i]f a suit is filed under this chapter against both a governmental unit and any of its employees, the employees shall immediately be dismissed on the filing of a motion by the governmental unit." *Id.*; *see also Shurb v. Univ. of Tex. Health Sci. Ctr. at Hous.-Sch. of Med.*, No. 4:13-CV-271, 2013 WL 4096826, at *6 (S.D. Tex. August 13, 2013). "[A]ll tort theories alleged against a governmental unit, whether it is sued alone or together with its employees, are assumed to be 'under [the Texas Tort Claims Act].'" *Jackson v. Tex. S. Univ.*, 31 F. Supp. 3d 884, 889 (S.D. Tex. 2014) (citing *Mission Consol. Indep. Sch. Dist. v. Garcia*, 253 S.W.3d 653, 659 (Tex. 2008); *Franka v. Velazquez*, 332 S.W.3d 367, 385 (Tex. 2011)).

### (1) *Intentional Infliction of Emotional Distress*

Plaintiff alleges a claim for intentional infliction of emotional distress ("IIED") against DISD and Bayer—i.e., a "government entity and its employee[]." *Travis*, 654 F. App'x at 166; *see also* Compl. Count III.

#### a. *DISD*

It is well established that school districts, as governmental entities, are generally immune from suit under the Texas Tort Claims Act. *See Mission Consol. Indep. Sch. Dist. V. Garcia*, 253 S.W.3d 653, 656 (Tex. 2008). Although the Texas Tort Claims Act provides a limited waiver of immunity for "tort claims involving the use or operation of motor vehicles," *id.*, the allegations underlying the IIED claim against DISD here do not involve such use. *See also* TEX. CIV. PRAC.

& REM. CODE § 101.051 ("Except as to motor vehicles, this chapter does not apply to a school district[.]"). Accordingly, Plaintiff has not stated a viable IIED claim against DISD.

### b. *Bayer*

The Complaint does not specify in which capacity, individual or official, Plaintiff alleges that Bayer is liable for IIED. To the extent that Plaintiff brings suit against Bayer in his individual capacity, Plaintiff has asserted the same IIED claim against DISD, the governmental unit that employs Bayer.

Under section 101.106(a) of the Texas Tort Claims Act, filing of a suit against a governmental unit "constitutes an irrevocable election by the plaintiff and immediately and forever bars any suit or recovery by the plaintiff against any individual employee of the governmental unit regarding the same subject matter." *See* TEX. CIV. PRAC. & REM. CODE § 101.106(a). Thus, having elected to pursue her tort claim against DISD, Plaintiff is barred from "any suit or recovery . . . against [Bayer] regarding the same subject matter." *Id.*; *see also id.* § 101.106(e) ("[i]f a suit is filed under this chapter against both a governmental unit and any of its employees, the employees shall immediately be dismissed on the filing of a motion by the governmental unit."). The Court accordingly dismisses Plaintiff's IIED claim against Bayer to the extent Plaintiff asserts such claim against Bayer in his individual capacity.

Insofar as Plaintiff brings suit against Bayer in his official capacity, the Court finds that Plaintiff's IIED claim is also barred. A tort claim alleged against a government employee acting in his or her official capacity is barred by the Texas Tort Claims Act if the suit is based on: (1) "conduct within the general scope of that employee's employment"; and (2) "if [the suit] could have been brought under [101.106] against the governmental unit." *Hartman v. Broussard*, No. 09-19-00053-CV, 2020 WL 578795 (Tex. App. Feb. 6, 2020) (quoting TEX. CIV. PRAC. & REM. CODE § 101.106(f)). In the present case, Plaintiff maintains that the alleged wrongful conduct was

12

within the scope of Bayer's employment. *See* Resp. to DISD 7 (alleging that Bayer acted within scope of his employment as Hillcrest Principal when he admitted Gilstrap-Portley to Hillcrest and failed to verify Gilstrap-Portley's actual age). Moreover, Plaintiff could have—and did—bring her IIED claim against DISD. *See* Compl. Count III. Whether Plaintiff may ultimately prevail against DISD does not bear on whether such claim "could have been brought" under the Texas Tort Claims Act for these purposes. *See Franka*, 332 S.W.3d at 375 (a tort action for IIED "could have been brought under" the Texas Tort Claims Act regardless of whether the governmental entity is immune from such action). Thus, after accepting Plaintiff's alleged facts as true and viewing them in the light most favorable to Plaintiff, the Court finds that Plaintiff has not sufficiently pleaded an IIED claim against DISD or against Bayer, in either his individual or official capacities.

### (2) *Gross Negligence*

As discussed above, a plaintiff's suit against a governmental unit under the Texas Tort Claims Act "immediately and forever bars *any* suit or recovery by the plaintiff against any individual employee of the governmental unit *regarding the same subject matter*." TEX. CIV. PRAC. & REM. CODE § 101.106(a) (emphasis added). A suit against a government employee "regard[s]" the same subject matter as a suit against a governmental entity when it "arise[s] out of the same actions and occurrences." *Travis v. City of Grand Prairie*, 654 F. App'x 161, 166 (5th Cir. 2016) (quoting *Dallas Cty. Mental Health & Mental Retardation v. Bossley*, 968 S.W.2d 339, 344 (Tex. 1998).

Here, Plaintiff brings a gross negligence claim against Bayer, but not against DISD. *See* Compl. Count V. In support of this cause of action, Plaintiff alleges that Bayer placed Minor Plaintiff at risk when he admitted Gilstrap-Portley to Hillcrest, after failing to verify Gilstrap-Portley's identity, and did so despite knowing the risk of "rush[ing]" to admit Gilstrap-Portley. *See id.* ¶¶ 59-60. These same factual allegations form the basis for Plaintiff's IIED claim against

13

DISD. *See* Compl. ¶¶ 51-54. Because the factual allegations underlying Plaintiff's IIED claim against DISD are virtually identical to those supporting her gross negligence claim against Bayer, the Court finds that Plaintiff's gross negligence claim against Bayer is "bar[red]" as it "regard[s] the same subject matter" as her tort claim against DISD. TEX. CIV. PRAC. & REM. CODE § 101.106(a). Accordingly, the Court finds that Plaintiff's gross negligence claim against Bayer is barred by the Texas Tort Claims Act.

## IV. CONCLUSION

For the reasons stated above, the Court **GRANTS** in part and **DENIES** in part Dallas Independent School District's Motion to Dismiss Plaintiff's Original Complaint [ECF No. 15][4] and **GRANTS** Defendants Lilliana Solano's, Chris Bayer's, Von Harris's, and Andy Todd's Motion to Dismiss Plaintiff's Original Complaint [ECF No. 14].

Plaintiff seeks leave to plead additional facts in support of her Section 1983 claim against Bayer and DISD. *See* Resp. to Bayer 7; Resp. to DISD 12. The Fifth Circuit law, however, does not recognize a Section 1983 claim based under either theory on which Plaintiff relies, and, therefore, amendment may be futile. Regardless, given the federal rules' liberal policy of allowing amendments to pleadings, the Court **GRANTS** Plaintiff leave to amend her Complaint. Plaintiff must file an amended complaint by March 9, 2021. If an amended complaint is not filed within such time, the claims dismissed above will be dismissed with prejudice.

---

[4] While DISD also seeks dismissal of Plaintiff's asserted claim to exemplary damages, *see* DISD Motion to Dismiss 26, such entitlement is tied directly to the viability of Plaintiff's stated cause of action for gross negligence, which the Court dismisses herein. Accordingly, the Court need not address the issue of exemplary damages.

14

**SO ORDERED.**

SIGNED February 16, 2021.

                                                            **KAREN GREN SCHOLER**
                                                            **UNITED STATES DISTRICT JUDGE**